# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| DOMENIC SALVATORE ALBANESE,<br>        Plaintiff,<br><br>v.<br><br>DEAN J. DECAS, et al.,<br>        Defendants. | Civil Action No.<br>20-10392-IT |

## MEMORANDUM AND ORDER

**TALWANI, D.J.**

For the reasons set forth below, the court allows Plaintiff's Application to Proceed Without Prepayment of Fees [#2], denies Plaintiff's Motion for Appointment of Counsel [#3], finds that Plaintiff's Complaint [#1] fails to state a claim upon which relief may be granted, and gives Plaintiff forty-two days from the date of this order to file an amended complaint or show cause why the complaint as filed should not be dismissed and this case closed.

**I.    Background**

On February 24, 2020, Domenic Salvatore Albanese ("Albanese"), now incarcerated at the Norfolk County Correctional Center, filed a *pro se* complaint accompanied by an Application to Proceed Without Prepayment of Fees and Motion for Appointment of Counsel. The complaint is brought pursuant to 42 U.S.C. § 1983 and names as defendants the Wareham Police Department and two Wareham Police Department detectives. Albanese alleges that on October 10, 2018, the two defendant police detectives violated his Fourth Amendment rights by executing a warrant based on false information, entering and searching his residence without a valid warrant, and arresting him without probable cause. Two cell phones were seized from

Albanese's home and he was charged in Plymouth Superior Court with three counts of making a bomb threat. Compl. at 1-1, p. 1. The complaint references *Aguilar v. Texas*, 378 U.S. 108 (1964) and *Spinelli v. United States*, 393 U.S. 410 (1969) and contends that the statements of his ex-girlfriend, allegedly used as the basis for issuance of the warrant, were not sufficient to constitute probable cause. *Id.* Albanese seeks monetary damages and an order for the "Wareham Police and Wareham Weekly to issue corrective statements regarding the fact that there was never any Proof/DIRECT Evidence located on devices seized in 2018 or on the 10-10-2018 raid and that there was no DIRECT LINK to the calls initiated." Complaint [#1-1] at p. 3.

## II. Motion for Leave to Proceed In Forma Pauperis

After review of Albanese's motion for leave to proceed *in forma pauperis*, the court concludes that Albanese is without assets to pay the filing fee and ALLOWS the motion. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $89.50. The remainder of the fee, $ 260.50, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

## III. Motion for Appointment of Counsel

After review of Albanese's motion for appointment of counsel, the court concludes that appointment of counsel is not warranted at this time and the motion is denied without prejudice. Although pursuant to the 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. *Id.*; 28 U.S.C. § 1915(e)(1). "To determine whether there are exceptional circumstances sufficient to warrant

the appointment of counsel, a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* Here, Albanese has not demonstrated "exceptional circumstances" that warrant appointment of counsel.

### IV. Screening of the Complaint

When a plaintiff is permitted to proceed without prepayment of the filing fee, summonses do not issue until the court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss complaints *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In conducting this review, the court liberally construes Albanese's complaint because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## V. Discussion

42 U.S.C. § 1983 is a vehicle through which individuals may sue certain persons acting under the color of state law for deprivation of federally assured rights. *Gagliardi v. Sullivan*, 513 F.3d 301, 306 (1st Cir. 2008).

As an initial matter, the complaint fails to state a claim against the Wareham Police Department. "For purposes of a section 1983 action, a police department is considered a non-person" and, therefore, "is not a suable entity." *Curran v. City of Boston*, 777 F.Supp. 116, 120 (D.Mass.1991). The claims against the Wareham Police Department are subject to dismissal.

To the extent Albanese alleges that the two police violated his constitutional rights, the complaint fails to state a claim upon which relief may be granted because Albanese is in essence challenging his conviction. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In a civil rights case, this so-called "favorable termination" rule applies not only where the plaintiff expressly claims that his conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. The favorable termination requirement "avoids parallel litigation over the issues of probable cause and guilt" and "precludes the possibility ... of two conflicting resolutions arising out of the same or identical transaction." *Id.* at 484 (citation omitted).

The *Heck* rule bars Albanese from proceeding on any claim that would require the court to find facts that would imply that his conviction was not valid. Here, Albanese's Fourth

4

Amendment claims implicate the validity of Albanese's conviction and he has not pled a favorable termination of his conviction. To the contrary, according to Albanese's recently filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, Albanese is currently serving a sentence based on that conviction. *See Albanese v. Plymouth County DA Office*, C.A. No. 20-10290-RGS (filed Feb. 13, 2020). Accordingly, *Heck* bars Albanese's Section 1983 claims because they directly or indirectly challenge the validity of his conviction.

### VI. Order

Based upon the foregoing, it is it is hereby ORDERED that

1. The Application to Proceed Without Prepayment of Fees [#2] is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $ 89.50. The remainder of the fee, $ 260.50, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

2. The Motion for Appointment of Counsel [#3] is denied without prejudice.

3. Albanese must, within forty-two days of the date of this order, show cause in writing why this action should not be dismissed for the reasons stated above. Failure to do so will result in dismissal of the action. The show cause response may be in the form of an amended complaint or legal memorandum.

**So ordered.**

    /s/ Indira Talwani
    Indira Talwani
    United States District Judge

Dated: April 8, 2020